```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

**COLAPISSA PROPERTIES, L.L.C.**                           CIVIL ACTION

**versus**                                                 No. 06-8063

**ASSURANCE COMPANY OF AMERICA**                           SECTION: "I"/2
**AND/OR ZURICH INSURANCE COMPANY**

ORDER AND REASONS

Before the Court is a motion for judgment on the pleadings filed by Colapissa Properties, L.L.C., ("Colapissa") pursuant to Rule 12©) of the Federal Rules of Civil Procedure.[1] For the following reasons, Colapissa's motion is **GRANTED IN PART** and **DENIED IN PART**.

*Background*

In August, 2006, Ryan Scafidel ("Scafidel"), on behalf of Colapissa, engaged the law firm of Niles, Borque, and Fontana, L.L.C., ("NBF") to represent all interests, damages, and losses caused by Hurricane Katrina at the properties located at 7828-30 and 7832-34 Colapissa Street, New Orleans, Louisiana.[2] On or about September 25, 2006, Lawrence J. Centola, III, ("Centola"), an associate at NBF, filed a lawsuit on behalf of Colapissa against Assurance Company of America ("Assurance") and/or Zurich Insurance Company ("Zurich") seeking recovery for damages pursuant to

---

[1] Colapissa mistakenly labeled its motion as a motion for "summary" judgment on the pleadings.

[2] In its complaint in intervention, NBF alleges that Scafidel engaged Stewart E. Niles, Jr., ("Niles") and NBF to represent Colapissa's interests. Rec. Doc. No. 23.

insurance policies issued to Colapissa by Assurance and/or Zurich.

After filing Colapissa's lawsuit, on or about May 4, 2007, Centola terminated his employment relationship with NBF in order to join the law firm of Martzell & Bickford ("MB").  On June 6, 2007, the Court issued an order granting Colapissa's motion to substitute MB and Centola as counsel of record for Colapissa.[3]  Subsequent to the substitution, Scafidel requested that Niles transfer Colapissa's file to MB.  On or about May 18, 2007, NBF released Colapissa's file to MB.

Upon receiving Colapissa's file at MB, Centola continued settlement discussions which had been initiated when Centola was still employed by NBF.  On or about July 2, 2007, Colapissa and Assurance settled the lawsuit for $42,000.00.[4]  Prior to the settlement, however, NBF filed a complaint in intervention in order to secure any attorney's fees to which NBF may be entitled.  NBF's complaint in intervention forms the basis of the present dispute.

NBF alleges in its complaint in intervention that from September, 2006 to May, 2007, NBF maintained client relations, undertook all claims investigation, filed a lawsuit, conducted discovery, responded to discovery, participated in mediation, and conducted extensive negotiations, all in relation to Colapissa's

---

[3] Rec. Doc. No. 18.

[4] At the time Colapissa settled its claims with Assurance, Zurich had been dismissed pursuant to a joint motion to dismiss filed by Assurance, Colapissa, and Zurich.  Rec. Doc. Nos. 7-8.

-2-

claims against Assurance and Zurich.  As a result, NBF asserts that it has a special privilege on any settlement amount and/or judgment for the amount of professional fees incurred in procuring the settlement and/or judgment pursuant to La. Rev. Stat. Ann. §§ 9:5001, 37:218.[5]

In response to NBF's complaint in intervention, Colapissa filed a motion for judgment on the pleadings.  Specifically, Colapissa requests that the Court dismiss NBF's complaint in intervention and order that NBF be paid $2,240.00 as compensation for the legal services provided Colapissa.

### *Law and Analysis*

**I. *12©) Standard***

Rule 12©) of the *Federal Rules of Civil Procedure* provides that, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[6]  A Rule 12©) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

"'A motion brought pursuant to [Rule] 12©) is designed to

---

[5]Rec. Doc. No. 23, p. 3, para. VI.

[6]The second sentence of Rule 12(c) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(c).

dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). When analyzing such a claim, "'[p]leadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain.'" *Great Plains Trust Co.*, 313 F.3d at 312 (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). A district court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). The Court evaluates the complaint in the light most favorable to the plaintiff and accepts "all well-pleaded facts as true. . . ." *Id.*

Pursuant to Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Greenberg v. Gen. Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). "'The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.'" *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Jones*, 188 F.3d at 324).

**II. *MB's Motion for Judgment on the Pleadings***

    **A.  *Procedural Sufficiency***

In its memorandum in opposition, NBF asserts that Colapissa's motion for judgment on the pleadings is procedurally deficient and should be denied.  Specifically, NBF argues that, for purposes of Rule 12(c), the pleadings are not yet closed as no discovery has been completed concerning NBF's intervention and the allocation of attorney's fees.  As such, Colapissa's motion is premature and should not be entertained by the Court.

The fact that the parties have yet to be engaged in discovery has no bearing on whether the pleadings have closed.  For purposes of Rule 12(c), pleadings are considered closed once a complaint and answer have been filed, unless a counterclaim, cross-claim, or third-party claim is interposed, in which case the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings.  *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005); *Georges River Tidewater Ass'n v. Warren Sanitary District*, 2000 WL 891969 (D. Me. June 28, 2000); Fed. R. Civ. P. 7(a).

A complaint and an answer have been filed in the present matter, and no counterclaims, cross-claims, or third party claims have been filed to date.[7]  As such, the Court finds that the pleadings are closed for purposes of Rule 12(c), and Colapissa's

---

[7]Rec. Doc. Nos. 1-1, 2.

motion for judgment on the pleadings is not procedurally deficient.[8]

### B. *Application of the Rule 12©) Standard to NBF's complaint in intervention*

Louisiana Revised Statute § 9:5001 ("§ 9:5001") provides that:

> A special privilege is hereby granted to attorneys at law for the amount of their professional fees *on all judgments* obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.

Louisiana Revised Statute § 37:218 ("§ 37:218") provides that:

> By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property.  Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.  In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim.  Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile.  After

---

[8]The Court recognizes that the answer herein was in response to Colapissa's original complaint and not to NBF's complaint in intervention.  In *Youngstown Sheet and Tube Co. v. Lucey Products Co.*, the Fifth Circuit noted that there is nothing in the Federal Rules of Civil Procedure requiring a response to complaints in intervention.  403 F.2d 135, 139 (5th Cir. 1968); *Howard, et al. v. Alfrey*, *et al.,* 697 F.2d 1006, 1009 (11th Cir. 1983).  Despite this observation, the Fifth Circuit found it unnecessary to resolve that issue in that particular case.  *Id; see also* 61A Am. Jur. 2d Pleading § 393; 27 Fed. Proc. L. Ed. § 62:75; 5 Fed. Prac. & Proc. Civ.3d § 1183.
  Even if the Court agreed with NBF that Colapissa's motion is premature, such prematurity would not be fatal to Colapissa's motion and dismissal would not be required.  Courts have stated that because Rule 12(c) motions essentially serve the same purpose as Rule 12(b)(6) motions, premature Rule 12(c) motions shall be treated as 12(b)(6) motions.  *Seber v. Unger*, 881 F.Supp. 323, 325 (N.D. Ill. 1995).

such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.

After reviewing NBF's complaint in intervention and considering the above-mentioned statutes, the Court finds that the complaint only provides pleadings sufficient to support NBF's claim for attorney's fees pursuant to § 37:218. As such, NBF's claim for attorney's fees pursuant to § 9:5001 should be dismissed.

§ 9:5001 provides a privilege only to secure attorney's fees generated from a *judgment* and the property recovered by virtue of that judgment. *Fontana v. Barham*, 707 F.2d 221, 223 (5th Cir. 1983); *State of Louisiana ex rel. Herbert W. Maitre-Jean v. Demarest*, 85 So. 2d 522, 523 (La. 1956); *Calk v. Highland Constr. & Mfg.*, 376 So. 2d 495, 499 (La. 1979); *Worldwide Remediation, Inc. v. Onebane, Bernard, Torian, Diaz, McNamara & Abell Law Firm*, 211 F.3d 948, 952 (5th Cir. 2000). As such, an attorney may not assert, pursuant to § 9:5001, a privilege to attorney's fees over amounts recovered as a result of settlement. *Fontana*, 707 F.2d at 223; *Demarest*, 85 So.2d at 523; *Calk*, 376 So.2d at 499; *Worldwide*, 211 F.3d at 952.

Colapissa's original lawsuit against Assurance and Zurich culminated in settlement. Jurisprudence clearly dictates that NBF may not secure, pursuant to § 9:5001, its professional fees by asserting a privilege over Colapissa's settlement proceeds.

In contrast, NBF's claim for attorney's fees pursuant to §

37:218 shall not be dismissed, as courts have stated that § 37:218 is intended to secure a privilege over settlement proceeds. *Calk*, 376 So.2d at 499. In its complaint in intervention, NBF specifically alleges that Scafidel, on behalf of Colapissa, "*engaged*" Niles and NBF "for representation of all interests for all damages and/or losses" sustained by certain properties as a result of Hurricane Katrina.[9] Considering that the Court must accept the factual allegations in the pleadings as true,[10] the Court finds that NBF has stated a set of facts which, upon further review, may entitle NBF to recovery of attorney's fees pursuant to § 37:218. Although the complaint in intervention does not state that there existed a written agreement,[11] if such an agreement does not exist, the Court will consider that fact upon presentation of a properly filed motion for summary judgment.[12]

Accordingly, **IT IS ORDERED** that the motion for judgment on the pleadings filed by Colapissa Properties, Inc. be **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** in that Colapissa's claims

---

[9] Rec. Doc. No. 23, p. 2, para. IV.

[10] *Jones*, 188 F.3d at 324.

[11] § 37:218 gives the attorney who has a written contract affording him an "interest" in the claim a privilege to the extent of his earned fee on any recovery obtained by settlement. *Calk*, 376 So. 2d at 499. The attorney's fee contract giving rise to the privilege granted in § 37:218 does not have to be recorded to be effective. *Id.* The attorney must, however, assert his claim to attorney's fees "by intervention or other legal proceedings prior to disbursement of the proceeds to a third party." *Id.*

[12] "The right to recovery on the basis of quantum meruit is not affected by the additional protection accorded an attorney under the statutory provisions of [§ 37:218], and this statutory right is not destructive of the assertion of his claim, by choice of the attorney, on the ground of quantum meruit." *Woodley v. Robinson*, 100 So. 2d 255, 257 (La. App. 2 Cir. 1958).

pursuant to § 9:5001 are **DISMISSED**.  It is **DENIED** in that Colapissa's claims pursuant to § 37:218 are **NOT DISMISSED**.[13]

**IT IS FURTHER ORDERED** that the parties shall schedule a settlement conference with U.S. Magistrate Judge Joseph C. Wilkinson, Jr., at Judge Wilkinson's earliest convenience.

New Orleans, Louisiana, October _____1st_____, 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[13] In its motion, MB requests that in addition to dismissing NBF's complaint in intervention on the pleadings, the Court also order that NBF be paid $2,240.00.  However, doing so would require the Court to look outside the pleadings and make factual determinations that are not appropriate when reviewing a motion for judgment on the pleadings.  *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996) (Courts must limit inquiry to facts stated in complaint and documents either attached to or incorporated in complaint; however, courts may also consider matters of which they may take judicial notice).

The Court chooses not to convert MB's motion for judgment on the pleadings to a motion for summary judgment.  Rec. Doc. No. 32, p. 12.  "Rule 12©) permits the district court to treat motions to dismiss as motions for summary judgment if matters outside the pleadings are presented to *and not excluded by the court.*"  *Dodson v. Hillcrest Sec.*, 1996 WL 459770 (5th Cir. July 24, 1996).  "It is completely within the Court's discretion to accept materials outside the pleadings and to convert a Rule 12©) motion into one for summary judgment."  *Bower v. Federal Express Corp.*, 156 F.Supp.2d 678, 684 (W.D. Tenn. 2001); *Patell Industrial Machine Co., Inc. v. Toyoda Machinery U.S.A., Inc.*, 1997 WL 10972 (N.D. N.Y. 1997) (Rule 12©) gives the Court the discretion to convert the 12©) motion into a summary judgment motion under Rule 56 in order to consider matters outside the pleadings).